IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HATCHIGIAN,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| v. | : | No. 22-2170 |
| | : | |
| **PECO, MIC, PUC, et al.,** | : | |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                         **SEPTEMBER 3, 2024**

On May 16, 2022, Plaintiff David Hatchigian, along with several named and unnamed Plaintiffs ("Non-Hatchigian Plaintiffs"), brought suit against (i) PECO Energy Company and Exelon Corporation; (ii) the Pennsylvania Public Utility Commission, Commissioner Gladys Brown Dutrieuille, Commissioner John F. Coleman, Jr., and Commissioner Ralph V. Yanora in their official capacities; and (iii) the Municipal Inspection Corporation. After at least four attempts by Hatchigian to litigate the same underlying dispute, *see* ECF No. 65 at 1–3, on July 12, 2023, this Court granted Defendants' motions to dismiss this case with prejudice as to Plaintiff Hatchigian, ECF Nos. 65, 66. Hatchigian did not appeal.

On July 10, 2024—nearly one year after the Court dismissed Hatchigian's case with prejudice—Hatchigian filed the instant motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1) asking this Court to grant him relief from judgment. ECF Nos. 67, 68.[1] Specifically, Hatchigian contends that the Court "inadvertently made a mistake and committed legal error by granting pre-answer dismissal as to the entire Proposed Classes, when it should have

---

[1] It appears Hatchigian filed two Rule 60(b) motions, one on July 10, 2024 (ECF No. 68), and another on July 11, 2024 (ECF No. 67). The briefs attached to both filings are identical.

granted dismissal only as to the Non-Hatchigian Class members." ECF No. 68 ¶ 3. For the reasons discussed below, Plaintiff Hatchigian's Rule 60 Motion is denied.

## I. DISCUSSION

Under Rule 60(b)(1), a party may seek relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Motions under this Rule "must be made *within a reasonable time*." Fed. R. Civ. P. 60(c)(1) (emphasis added). Although Rule 60(c)(1) states that Rule 60(b)(1) motions may not be made "more than a year after the entry of the judgment or order or the date of the proceeding," that is an "outer time limit." *See Shukla v. Univ. of Pa. Health Sys.*, No. 22-2029, 2022 WL 4461395, at *2 (3d Cir. Sept. 26, 2022) (citations omitted); *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir. 1983) (noting that this rule "does not provide that grounds (1), (2), and (3) may be raised at leisure up to one year"). Therefore, "a Rule 60(b)(1) motion filed within a year of a judgment may [still] be denied as untimely if it is not filed within a reasonable time." *Shukla*, 2022 WL 4461395, at *2.

Furthermore, Rule 60(b) motions may not be used as a substitute for an appeal. *See Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986). Therefore, Rule 60(b)(1) motions that are filed after the time for an appeal has expired have not been filed "within a reasonable time," *see* Fed. R. Civ. P. 60(c)(1), and are considered untimely, *see, e.g.*, *James v. Virgin Islands Water & Power Auth.*, 119 F. App'x 397, 401 (3d Cir. 2005). After all, "[w]ere the rule otherwise, the time limitations on appeal set by Fed. R. App. P. 4(a) . . . would be vitiated." *See Page*, 786 F.2d at 154. For example, in *James*, the Third Circuit affirmed the district court's dismissal of a 60(b) motion as untimely where the plaintiff had failed to appeal the district court's dismissal, yet one day before the one-year mark, filed a motion seeking relief under Rule 60(b)(1). *James*, 119 F. App'x at 401 (agreeing with the district court that "Rule 60(b) is an improper vehicle for

2

[Petitioner] to present her legal challenges to the [district court's] dismissal of her claims" given that Rule 60(b) motions "may not be used as a substitute for an appeal" and Petitioner's "motion was filed well after the expiration of the window for appeal"). Similarly, in *Shukla*, the Third Circuit affirmed the district court's denial of plaintiff's Rule 60(b)(1) motion as untimely even though it was filed within the one-year mark because it included arguments he had previously raised or could have raised on appeal. 2022 WL 4461395, at *2.

The facts before us with regard to Mr. Hatchigian present no exception to the well-established standards as set forth above—and indeed, closely resemble the *James* and *Shukla* cases. This Court issued its order dismissing Hatchigian's case with prejudice on July 12, 2023. ECF No. 66. But instead of appealing the order of dismissal within 30 days as required by Federal Rule of Appellate Procedure 4(a)(1)(A), Hatchigian waited nearly a year—until July 10, 2024—to file the instant Rule 60(b) motion. Because Hatchigian asserts that the dismissal of his case involved legal errors or mistakes that are remediable under Rule 60(b)(1), Hatchigian should have filed his motion within thirty days of the order of dismissal—that is, by August 11, 2023. Accordingly, Hatchigian's Rule 60(b) Motion was not filed within a "reasonable" time within the meaning of Rule 60(c), and is therefore denied.

## II.   CONCLUSION

For the reasons articulated above, Plaintiff Hatchigian's Rule 60(b) Motion (ECF Nos. 67, 68) is denied.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____
**CHAD F. KENNEY, JUDGE**